UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| DANIEL JOHN RILEY, | ) | |
| | ) | |
| Petitioner, | ) | |
| v. | ) | No. 2:15-cv-00266-JMS-WGH |
| | ) | |
| LEANN LARIVA, | ) | |
| | ) | |
| Respondent. | ) | |

**Entry Dismissing Action and Directing Entry of Final Judgment**

**I.**

**A. Background**

Daniel Riley is confined in this District serving the executed portion of a sentence imposed by the United States District Court for the District of New Hampshire in No. 07-cr-00189-01-GZS. Riley, together with two other individuals, was convicted after providing firearms and explosives to two individuals who had refused to surrender following their federal tax convictions. *See United States v. Gerhard,* 615 F.3d 7 (1st Cir. 2010).

A 28 U.S.C. § 2255 motion is the presumptive means by which a federal prisoner can challenge his conviction or sentence, *see Davis v. United States,* 417 U.S. 333, 343 (1974), although 28 U.S.C. § 2241 also supplies a basis for collateral relief under limited circumstances. "A federal prisoner may use a § 2241 petition for a writ of habeas corpus to attack his conviction or sentence only if § 2255 is 'inadequate or ineffective.'" *Hill v. Werlinger,* 695 F.3d 644, 645 (7th Cir. 2012) (quoting 28 U.S.C. § 2255(e)). The requirements of 28 U.S.C. § 2255(e) are that a habeas petitioner must (1) rely on a new, retroactive case not available when he moved under 28 U.S.C. § 2255 that (2) interprets a statute in a way that (3) decriminalizes the crime of conviction. *See Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012).

Riley was notified of these requirements and given a period of time in which to show that they could be met with respect to the claim(s) in his habeas petition. He has responded with his filing of September 24, 2015. His response is very conclusory, but does assert that "the Jury Charge abrogated his rights, in accordance with the holdings" in *Richardson v. United States,* 526 U.S. 813 (1999), and *Alleyne v. United States*, 133 S. Ct. 2151 (2013).

### B. Discussion

In *Richardson,* the Supreme Court held that a jury in a continuing criminal enterprise case, 21 U.S.C. § 848, must agree unanimously on the specific violations that make up that continuing series. Riley's trial ended in April 2008 and he was sentenced in October 2008, nearly ten years after *Richardson* was decided. Riley does not explain how the principle announced in *Richardson* applies to his trial, to the charges he faced, to the evidence produced by the government, or to the jury instructions or verdict, but in any event that decision had been long decided when his direct appeal was argued and when his 28 U.S.C. § 2255 motion was filed on February 6, 2012. A claim based on *Richardson* does not appear in the 28 U.S.C. § 2255 action. *See Riley v. United States*, No. 1:07-cr-00189-GZS, 2013 WL 762358 (D.N.H. Jan. 28, 2013) *report and recommendation adopted,* No. 1:07-cr-00189-GZS, 2013 WL 754861 (D.N.H. Feb. 25, 2013).

In *Alleyne v. United States,* 133 S. Ct. 2151, 2163-64 (2013), the Supreme Court held that "facts that increase mandatory minimum sentences must be submitted to the jury" because when a finding by a sentencing judge "increase[s] the penalty to which the defendant [is] subjected," that fact must be "found by the jury beyond a reasonable doubt" to comply with the Sixth Amendment. "This right, in conjunction with the Due Process Clause, requires that each element of a crime be proved to the jury beyond a reasonable doubt." *Id.* at 2156 (plurality opinion). Riley does not explain how *Alleyne* would support a challenge to his sentence, but in any event the

*Alleyne* rule is not retroactive on collateral review. *See Crayton v. United States,* 799 F.3d 623, 624 (7th Cir. 2015).

Both *Richardson* and *Alleyne*, moreover, announced constitutional rules, not interpretations of a statute, and for this reason as well as those discussed with respect to the specific decision the requirements of § 2255(e) are absent. As to the final factor, Riley has not shown that the conduct for which he has been convicted has been de-criminalized.

### C. Conclusion

Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994). For the reason explained in this Entry, this is an appropriate case for such a disposition. Riley has sought relief pursuant to 28 U.S.C. § 2241 under circumstances which do not permit or justify the use of that remedy. This is apparent from the face of his petition, together with the history of the conviction he now challenges. His petition for a writ of habeas corpus is **denied**.

### II.

Judgment consistent with this Entry shall now issue.

IT IS SO ORDERED.

Date: __October 26, 2015__

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Daniel Riley
No. 14528-052
Terre Haute-FCI
P.O. Box 33
Terre Haute, IN 47808